PER CURIAM.
The actual judicial functions of the Circuit and County Courts differ from those of the District Courts of Appeal making the requirements for the respective courts different, and we are therefore certifying separately to the Legislature the needs of the trial courts.
Since the adoption of Article V in 1972 considerable statistical information has been collected but because of the disparity in procedure for tabulating cases in the individual circuits for statistical purposes, it is difficult to relate one circuit to another.
To ensure accurate and credible statistical information, this Court, with the assistance of the chief judges, court clerks, prosecutors, and public defenders, established a uniform means and method to report court cases in accordance with an administrative order entered by the Chief Justice on January 13, 1977. Once uniform statistical information is available, this Court will be able to adopt a rule establishing uniform criteria for the determination of need for additional judges. Because that information is not currently available, we must certify from the statistical data now available as verified through the administrative staff of the office of the State Courts Administrator, together with information concerning needs of the respective circuits as presented by the chief judges.
From the present information available to the Court, it appears there is no significant increase in the trial court case load in 1976 in comparison with 1975, although it must be recognized there was a substantial increase at the trial court level for the four-year period from 1972 through 1975. Added to the case load burden but not reflected in the 1976 statistics is the impact of final consolidation of municipal courts into the state court system, effective January 1, 1977.
Most of the trial courts’ needs were met by the 1976 certification. There is, however, an immediate need for three county court judges and two circuit court judges.
COUNTY COURTS
In 1976 we certified a need for 26 county judges, predicated on the need for consolidating the remaining municipal courts into the state court system. Our certification was substantially less than the 62 deemed necessary by the Select House Committee for municipal courts. The 1976 Legislature approved all county court positions with the exception of three county court judge positions for Broward County. Broward County presently has 10 county judges. This is clearly inadequate for a county with a population of 959,500 and 29 municipalities. Broward County presently has only one county judge per 95,950 population, which exceeds by approximately 30,000 the judges per capita in all other counties. We deem it imperative that the three county judges we certified in 1976 be provided for Broward County so that the courts in Broward County may properly carry out their judicial responsibilities.
CIRCUIT COURTS
In our opinion, we can only presently justify a statistical need for additional circuit judges in the First Circuit [Escambia, Okaloosa, Santa Rosa, and Walton Counties], and the Thirteenth Circuit [Hillsbor-ough County]. Each of these circuits has in excess of 1400 filings per judge for the year 1976.
We recognize that there are presently substantial delays of civil trials in the Fifteenth Circuit, Palm Beach County, and the Seventeenth Circuit, Broward County. However, we have been unable to justify statistically additional judges for these cir *1275 cuits either by case load per judge or judge per capita.
Further, it must be clearly understood that this certification does not take into account any increased judicial work load which might result from either additional responsibilities in malpractice actions, the abolishment of plea bargaining, or Chief Justice Burger’s request to Congress to return the diversity jurisdiction now in the federal court system to the state courts.
CERTIFICATION
We therefore, in accordance with Section 9, Article V, Constitution of Florida, as revised March 14, 1972, hereby certify the need for three additional county court judges in Broward County, one additional circuit judge in the First Circuit, and one additional circuit judge in the Thirteenth Circuit, for a total of five additional trial court judicial positions.
This Court certifies the aforementioned judicial officers as necessary and recommends that they be made permanent by law and funded by this State.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.